Stanley KELLEY d/b/a COACHMAN'S INN
*v.* MID CONTINENT LEASING CO.,
INC., *v.* SIMMONS FIRST NATIONAL
BANK OF PINE BLUFF

CA 80-83                                      601 S.W. 2d 257
Court of Appeals of Arkansas
Opinion delivered July 2, 1980
Released for publication July 8, 1980
As corrected on denial of rehearing Aug. 27, 1980

*Killough & Ford*, by: *Robert M. Ford*, for appellant.

*Coleman, Gantt, Ramsey & Cox*, by: *Phillip A. Raley*, for appellees.

DAVID NEWBERN, Judge. Although this case presents a complicated set of facts, the issue may be stated simply. The question is whether there is sufficient evidence of the "reliance element" to sustain a judgment against the appellant which held him liable for deceit. We hold the evidence was not sufficient, and thus reverse the judgment.

On November 18, 1975, AARKCO Laundry Equipment Company agreed to sell to the appellant, Kelley, who operated the Coachman's Inn Motel near Wynne, Arkansas, a new washer and a new dryer for use in the motel. The

machines were described in the agreement by factory model numbers and brand name. Thereafter, Kelley and AARKCO's president, Mr. Sutton, discussed the possibility of arranging for Kelley to lease the equipment rather than purchase it. This led to discussions with Mid Continent Leasing Co., Inc., president, John Davis, and ultimately to an agreement whereby Mid Continent purchased the machinery from AARKCO and leased it to Kelley. This purchase-lease agreement was apparently contingent upon Mid Continent being able further to sell the equipment and assign the lease to Simmons First National Bank of Pine Bluff. The bank thus became the financier of the transaction.

At some point the lease document and another document entitled "Receipt and Acceptance of Leased Property" were given by Mid Continent to AARKCO's president, Sutton. Sutton presented these documents to Kelley for signature. The testimony of Kelley and unconflicting testimony of all witnesses with respect to the acts of Sutton make it clear their understanding was that even though the equipment had not yet been received by Kelley, the execution of those documents was essential for the transaction to be completed. Kelley thus signed both documents without having received the machinery.

A dryer and washer were thereafter delivered to Kelley. The dryer apparently was adequate and conformed to the specifications originally agreed upon. The washer, however, was discovered by Kelley to be "used," and he returned it. At that point, Kelley refused to make further payments to the bank upon the assigned lease. The bank brought suit against Mid Continent for breach of the sales agreement and for deceit with respect to the lease agreement. The defendant, Mid Continent, then filed a third-party complaint against the appellant, Kelley, alleging deceit. The bank was awarded a judgment against Mid Continent in the amount of $6,184.12. The judgment of the court, which determined the case without a jury, then stated:

> It is further considered, ordered and adjudged that the defendant and cross-plaintiff have judgment over and against the cross-defendants, The Coachman's Inn,

Inc. and Stanley Kelley, for all amounts recovered against it by the plaintiff as specifically set forth above, for all of which a writ of garnishment or levy for execution may issue.

The court's judgment shows that of the amount awarded to the bank, $5,694.30 represented compensatory damages resulting from Mid Continent's breach of the sales agreement and $489.82 represented compensatory damages for deceit of Mid Continent with respect to the procuring of the assignment of the lease to the bank.

Mid Continent has not appealed. Thus, we are concerned only with the rights of the appellant here as against Mid Continent. It is apparent to us that there was no reliance by Mid Continent upon the appellant's statement that he had received and found acceptable the machinery in question. Although Davis testified he did not know the property had not been delivered, and that he assumed the dryer and washer were both "there," it is clear to us that Sutton and AARKCO were acting on behalf of Mid Continent when Sutton delivered the documents to Kelley for signature. Despite Davis's testimony, the record, viewed as a whole, compels us to conclude that all parties to the transaction knew the money would not be available from the bank until all of the "paper work" had been completed, and that AARKCO would not deliver until it was assured of the availability of the purchase price. At any rate, Davis's testimony leaves no doubt that Sutton carried the "Receipt and Acceptance" instrument to Kelley as a representative of Mid Continent which had prepared that instrument as well as the lease. As noted above, the bulk of the Judgment in favor of the bank against Mid Continent represented the breach of contract claim. Therefore, this is not a true "liability over" case. Although the bank recovered a lesser amount of its deceit claim with respect to the assigned lease, presumably because of Mid Continent's representation that the equipment had been delivered, that would not permit "liability over" in excess of that amount against the appellant. To hold the appellant was liable for the entire amount recovered by the bank, we would have to close our eyes to the fact that the loss of which the bank complains was not caused by any misrepresentation as

to time of delivery, but was caused by the failure of Mid Continent and AARKCO to deliver a piece of equipment which conformed to the original specifications.

We need only decide whether there is sufficient evidence to support Mid Continent's claim against the appellant. Reliance is a primary element in the action for deceit. *Beam Bros. Contractors* v. *Monsanto Co., Inc.*, 259 Ark. 253, 532 S.W. 2d 175 (1976); Prosser, *Law of Torts*, §§ 105 and 108 (1971). See also, *Westinghouse Credit Corp.* v. *First Nat'l Bank of Green Forest et al*, 241 Ark. 287, 407 S.W. 2d 388 (1966). We have no difficulty holding the record before us does not contain evidence sufficient to show reliance on the part of Mid Continent upon Kelley's statement that the equipment had been delivered. Thus, we find the trial court's judgment was, in this respect, clearly erroneous or clearly against the preponderance of the evidence. *A. R. Civ. P.*, 52(a).

Reversed.

HOWARD, J., not participating.